IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| CORTEZ BUCKNER, Register No. 1045768, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 08-4156-CV-C-NKL |
| | ) | |
| DAVE DORMIRE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT, RECOMMENDATION AND ORDER

Defendants Dave Dormire, Mike Kemna, and Arthur Wood filed a motion to dismiss plaintiff's complaint for failure to state a claim on which relief may be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff has responded in opposition.[1]

Plaintiff alleges defendants denied him access to the courts because he was denied receipt of his legal file from the Callaway County Circuit Court. Defendants argue that they were not personally involved in the denial of the package plaintiff received from his grandmother which contained copies of legal documents from Callaway County Circuit Court. Defendant Kemna argues that his only role was the processing of plaintiff's grievance appeal, and Dormire and Wood allege they are being sued only because of their supervisory positions. Defendants further argue that plaintiff was denied these documents because they contained personal information on nonoffenders; it was received from a family member and, therefore, was not privileged/legal mail; it was more than six inches thick; and that such denial of nonlegal mail does not violate plaintiff's constitutional rights.

Plaintiff, in response, argues that the mail was a copy of his legal file from Callaway County Circuit Court that he could not afford to pay for, and therefore, his family member paid for the copies and forwarded them to him in prison. Plaintiff alleges defendants' denial of his receiving a copy of his legal file from Callaway County Circuit Court, even if such a copy came

---

[1]This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

from his family member, violated his right to access to courts.  Plaintiff also asserts that although defendants are supervisors at Jefferson City Correctional Center, they should not be dismissed on respondeat superior grounds because they were aware of the denial of the copy of plaintiff's legal file and/or are responsible for the policy which denied him the copy of his legal file received from his grandmother.

Federal Rule of Civil Procedure 8(a)(2) requires the complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  It must give the defendant fair notice of the claim and grounds on which it rests.  Conley v. Gibson, 355 U.S. 41, 47 (1957).  Detailed factual allegations are not required, but "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .  Factual allegations must be enough to raise a right to relief above the speculative level. . . ."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, ___, 127 S. Ct. 1955, 1965 (2007).

Thus, a complaint is properly dismissed under Rule 12(b)(6) when it fails to state a claim upon which relief can be granted.  When ruling on a motion to dismiss, the factual allegations in the complaint are accepted as true, and the court must determine whether they show the pleader is entitled to relief.  At this stage, the complaint is construed liberally in the light most favorable to the plaintiff.  Eckert v. Titan Tire Corp. 514 F.3d 801, 806 (8th Cir. 2008).  "The complaint must 'provide a defendant with some indication of the loss and the causal connection that the plaintiff has in mind.'"  Schaaf v. Residential Funding Corp., 517 F.3d 544, 549 (8th Cir. 2008) (citing Dura Pharmaceuticals, Inc. v. Broudo, 544 U.S. 336, 347 (2005)).

Although plaintiff alleges a denial of access to courts, and a violation of his First Amendment right to receive mail, his claims cannot support these allegations.  An alleged copy of plaintiff's legal file from Callaway County Circuit Court sent by his grandmother is not legal or privileged mail, and plaintiff alleges no reason why this mail, which was more than six inches thick, in violation of prison limits, should have been given special consideration.  This court has no reason to believe that plaintiff could not have requested a copy of his file directly from the Callaway County Circuit Court, thereby allowing him to receive the file under prison policy as legal mail.  Plaintiff makes no allegation that his family could not have deposited monies into his

inmate account, thereby allowing him to directly request from Callaway County Circuit Court a copy of his legal file. On similar claims, the United States Court of Appeals for the Eighth Circuit has specifically held that prison regulations permitting inmates to receive legal materials in the mail from attorneys, judges, or elected officials, but not from family members, do not violate the inmate's right of access to courts or First Amendment right to receive mail. <u>Weiler v. Purkett</u>, 137 F.3d 1047, 1051 (8th Cir. 1998). Plaintiff's complaint, therefore, fails to state a claim on which relief may be granted.

In light of the above, plaintiff's motions for extensions of time to complete service on additional defendants based on these same claims, and to compel, are denied, without prejudice to reconsideration should this recommendation not be adopted by the district judge.

IT IS, THEREFORE, ORDERED that plaintiff's motions for extensions of time to complete service of process and to compel are denied, without prejudice. [14, 15] It is further

RECOMMENDED that defendants' motion to dismiss be granted, and plaintiff's complaint be dismissed for failure to state a claim on which relief may be granted under 42 U.S.C. § 1983. [10]

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report. Exceptions should not include matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances. Failure to make specific written exceptions to this report and recommendation will result in a waiver of the right to appeal. <u>See</u> L.R. 74.1(a)(2).

Dated this 13th day of May, 2009, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge